IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 1:22-cr-9 |
| | ) |
| TROY EUGENE ANDERSON | ) |

### MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

In this criminal action, Defendant Troy Eugene Anderson stands accused of one count of receiving material depicting the sexual exploitation of a minor and one count of possessing and accessing such material with the intent to view it. ECF Nos. 3 and 4. The Government has filed a motion to quash a subpoena that Defendant served upon the Commissioner of the Pennsylvania State Police ("PSP") on or around March 14, 2023. For the reasons that follow, the Government's motion will be granted.

I.   BACKGROUND

The Defendant in this case was previously charged in Pennsylvania state court with stalking a minor, referred to herein as "K.L." In the course of investigating that charge, PSP obtained a warrant to search the contents of Defendant's digital devices. During the forensic examination, investigators allegedly discovered items depicting the sexual abuse of children. Federal authorities then obtained a separate warrant authorizing the search of Defendant's devices for similar material. The results of that search gave rise to the instant charges, which were returned by a grand jury on June 14, 2022.

On or around March 14, 2023, Defendant served the subject subpoena on the PSP Commissioner. The subpoena commands the production of "all documents, reports, memoranda,

1

and any other data or information pertaining to a report made by K.L. against Troy Anderson on February 15, 2020 to Trooper Lauss at the Troop E Barracks." ECF NO. 37-1. Defendant represents that he seeks this information because he intends to demonstrate, in a future suppression motion, that K.L had made -- and withdrawn -- reports or accusations against him in the past. According to Defendant, the PSP trooper who applied for the state search warrant in the stalking case failed to disclose this fact to the issuing authority, thereby creating a material omission that tainted the search process and the ensuing discovery of allegedly incriminating evidence in this case.

The government has moved to quash the March 14, 2023 subpoena, arguing that it fails to comply with the requirements of Federal Rule of Criminal Procedure 17. ECF No. 37. The Court initially held a telephonic argument before requesting further briefing on the matter. Both sides have now filed their post-hearing briefs, making the Government's motion ripe for adjudication. *See* ECF Nos. 41, 42.

II.   **DISCUSSION**

Rule 17 "governs the issuance of subpoenas in criminal proceedings, including in connection with hearings, such as pre-trial motions to suppress." *United States v. Hall*, No. 2:20-cr-340, 2021 WL 3419679, at *1 (W.D. Pa. Aug. 5, 2021) (internal quotation marks and citation omitted). Pursuant to subsection (c),

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). A party seeking documents through Rule 17(c) generally bears the burden of "clear[ing] three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *United*

*States v. Nixon*, 418 U.S. 683, 700 (1974). When a party seeks pre-hearing production of documents, however, rather than the production at the hearing, that party must also establish: (i) "that the documents are not otherwise procurable reasonably in advance of [the proceeding] by exercise of due diligence"; and (ii) "that the party cannot properly prepare for the proceeding without such production and inspection in advance of [the proceeding] and that the failure to obtain such inspection may tend unreasonably to delay the proceedings." *Id.* at 699-700.

Here, the Government moves to quash the Defendant's subpoena on the grounds that it constitutes an impermissible "fishing expedition" and violates the Rule 17's requirements concerning confidential information about crime victims. Defendant counters that the Government lacks standing to challenge the March 14, 2023 subpoena. Defendant also insists that the subpoena complies with all requirements of Rule 17(c).

As an initial matter, the Court will dispense with Defendant's argument that the Government lacks standing to assert the pending motion to quash. In *United States v. Ellis,* Case No. 19-369, 2021 WL 210489, at *2 (W.D. Pa. Jan. 21, 2021), the court persuasively articulated at least two reasons why this argument is unavailing. "First, the Government has a legitimate interest in preventing Defendant from using a subpoena to obtain materials that would otherwise be protected from disclosure." *Id.* at *2 (citing *United States v. Louis*, No. 4-203, 2005 U.S. Dist. LEXIS 1087, at *5, 2005 WL 180885 (S.D.N.Y. Jan. 27, 2005)). "Second, 'regardless of the parties' standing, the Court has an independent duty to review the propriety of the subpoena - a duty in this case that requires the Court to consider whether the documents sought are privileged and whether the subpoena itself comports with the requirements of Rule 17.'" *Id.* (quoting *United States v. Khan*, No. 6-255, 2009 U.S. Dist. LEXIS 8692, at *6, 2009 WL 152582 (E.D.N.Y. Jan. 20, 2009)). Given these concerns, "'[t]he government's standing to object has no

3

effect on the court's obligations under Rule 17.'" *Id.* (quoting *United States v. Modi*, No. 01-00050, 2002 WL 188327, at **2, 2002 U.S. Dist. LEXIS 1965, at **5-6 (W.D. Va. Feb. 4, 2002)). The undersigned concurs with the *Ellis* Court's reasoning.

Having thus determined that the propriety of the March 14, 2023 subpoena is properly before this Court, the undersigned next considers whether the Government's challenges have merit. Relevant to this inquiry are the provisions of Rule 17(c)(3), which state:

> **Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Fed. R. Crim. P. 17(c)(3).

According to the Government, Defendant's prior guilty plea in the state court stalking case establishes K.L. as a crime "victim" whose personal and/or confidential information is now being sought through the challenged subpoena. As a result, the Government argues, Defendant was required to obtain a court order directing service of the subpoena, and this could only happen after K.L and been given notice and an opportunity to object. Defendant disputes that K.L. is a "victim" for purposes of this case.

Defendant's position appears to have merit. Rule 17(c)(3) does not define the term "victim," but the Advisory Committee notes make clear that the rule was intended to implement the provisions of the Crime Victim Rights Act ("CVRA"), 18 U.S.C. §3771(a)(8). *See* Advisory Committee Notes for 2008 Amendments ("This amendment implements the Crime Victims' Rights Act, codified at 18 U.S.C. § 3771(a)(8), which states that victims have a right to respect for their 'dignity and privacy.' The rule provides a protective mechanism when the defense

4

subpoenas a third party to provide personal or confidential information about a victim."). The CVRA, in turn, generally defines "victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. §3771(e)(2)(A). In a separate section relating only to federal habeas corpus proceedings that arise out of state court convictions, the CVRA defines "crime victim" as "the person against whom the State offense is committed or, if that person is killed or incapacitated, that person's family member or other lawful representative." *Id.* §3771(b)(2)(D). Thus, the language and structure of the statute suggest that, outside of federal habeas corpus proceedings that challenge an underlying state court conviction, victims of state court crimes are not considered "victims" who are afforded the rights enumerated in §3771(a). Because there is no suggestion that the sexual abuse material allegedly retrieved from Defendant's devices concerned K.L., there is no basis for this Court to conclude that K.L. is a "victim" of the federal crimes charged herein.

On the other hand, while Defendant's subpoena does not technically violate Rule 17(c)(3), it is still premature and was also improperly served. The Supreme Court has cautioned that Rule 17(c) "was not intended to provide a means of discovery for criminal cases." *Nixon*, 418 U.S. at 698. Instead, "its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials[.]" *Id.* at 698-99; *see also Cuthbertson,* 630 F.2d at 146 ("Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16."). The Rule also allows for subpoenas to be issued in connection with hearings involving pre-trial motions to suppress evidence. *See United States v. Hall*, No. 2:20-cr-340, 2021 WL 3419679, at *1 (W.D. Pa. Aug. 5, 2021) (citing *United States v. Taylor*, No. 14-117, 2014 WL 5786535, at 2 (N.D. Cal. Nov. 5, 2014) (collecting cases)); *see also* 2 Charles

Alan Wright, et al., Fed. Prac. & Proc. Crim §272 (4th ed.) (noting that Rule 17 subpoenas "may be issued . . . for determination of an issue of fact raised by a pre-trial motion"). Where no hearing or trial has been scheduled, however, issuance of a subpoena *duces tecum* is premature. *See Taylor*, 2014 WL 5786535 at 2 (denying defendant's request for issuance of a Rule 17(c) subpoena where no motion hearing dates had been established but allowing the submission of a new subpoena request "once the Court has set a motion hearing or trial").

Furthermore, even if a hearing or trial had been scheduled in this matter, the Defendant could not properly subpoena pre-hearing evidentiary items without leave of this Court. *See United States v. Nix*, 251 F. Supp. 3d 555, 563-64 (W.D.N.Y. 2017) (noting that Rule 17(c)(1) "expressly contemplates pre-trial production, but only upon order of the court"); *United States v. Wheeler*, No. 2:13-cr-84, 2013 WL 5781731, at *2 (D. Nev. Oct. 25, 2013) ("Leave of court is required for a pretrial subpoena duces tecum.") (citing *United States v. Beckford*, 964 F. Supp. 1010, 1021 n.10 (D. Va. 1997)). Here, defense counsel served the subject subpoena directly on the PSP without obtaining the necessary approval of this Court, which constituted an improper use of Rule 17(c) subpoena power. *See Nix*, 251 F. Supp. 3d at 564 ("At a minimum, Court approval should have been sought for the subpoenas and the failure to do so, in and of itself, justifies granting the Government's motions [to quash].").

Finally, any pre-hearing production of documents must be made to the Court, not directly to defense counsel. *See* Fed. R. Crim. P. 17(c)(1) ("The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."). Here, defense counsel merely served the subpoena on the PSP Commissioner with the instruction that the Commissioner could "arrange a means of production by contacting" the public

6

defender's investigator. ECF No. 37-1. This was an improper method of accessing the subject documents. *See Wheeler*, 2013 WL 5781731, at *3 (in approving the issuance of a Rule 17(c)(1) subpoena, the court would direct production of designated items to the clerk of court, rather than to the federal public defender's office; court noting that "Rule 17(c)(1) does not authorize issuance of a subpoena duces tecum requiring pretrial production of documents to counsel's office").

Defendant represents in his brief that he has a "sincerely held conviction" the requested documents exist, and that he intends to file a motion to suppress "in the near future." ECF No. 41 at 5. Accepting these representations at face value, the Court assumes that Defendant can file his suppression motion based on "information" and good faith "belief" as to what occurred in connection with PSP's search warrant application in the stalking case. Assuming that an evidentiary hearing becomes necessary, Defendant can seek leave of this Court to acquire the subject documents prior to such hearing in the manner contemplated by Rule 17(c), as outlined herein. In making these observations, the Court in no way prejudges the propriety of any future subpoena request; rather, the Court simply reserves judgment on the merits of such request for another day.

### III.   CONCLUSION

For these reasons, the Government's motion to quash the March 14, 2023 subpoena will be granted. The Court's ruling is without prejudice to Defendant's right to seek pre-suppression hearing-production of relevant documents by way of a future motion, as ensuing circumstances may warrant. An appropriate order follows.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge