# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cr-9 |
| | ) | |
| TROY EUGENE ANDERSON | ) | |

## MEMORANDUM OPINION

**Susan Paradise Baxter, United States District Judge**

Defendant Troy Eugene Anderson ("Anderson") has been indicted in this criminal case on charges of receiving, possessing, and accessing with intent to view material depicting the sexual exploitation of a minor. Pending before the Court are Anderson's Motion to Preserve Law Enforcement's Rough Notes (ECF No. 60), Motion for Release of Brady Materials (ECF No. 61), Motion to Provide Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(B) and 609 (ECF No. 62), Motion for Discovery (ECF No. 63), and Motion to Suppress Evidence (ECF No. 64). This Memorandum Opinion addresses the first four motions. Anderson's fifth motion (to suppress evidence) will be addressed in a separate ruling.

## I.      GOVERNING LEGAL PRINCIPLES

Governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a)(1). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir.

1

1994). As a general matter, these other areas are limited to the Jencks Act (18 U.S.C. § 3500)

and materials available pursuant to the "Brady doctrine." *Id.* (citing *Brady v. Maryland*, 373 U.S.

83 (1963)).  In *United States v. Coles*, the district court aptly summarized the interplay of Rule

16, the Jencks Act, and the *Brady* doctrine, as follows:

> Most of the government's pretrial disclosure obligations stem from Rule 16(a). *See* FED. R. CRIM. P. 16(a). The rule establishes six categories of information that the government must produce to an individual defendant "[u]pon ... request." *See id.* Rules 16(a)(1)(A) and (B) task the government to disclose a defendant's oral, written, and recorded statements, and Rule 16(a)(1)(D) requires disclosure of a defendant's prior record. . . .  Rule 16(a)(1)(E) is the broadest provision, requiring the government to allow a defendant "to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings[,] or places," if the item is in the possession, custody, or control of the government and is "material to preparing the defense," is intended to be used in the government's case-in-chief at trial, or "was obtained from or belongs to the defendant." . . . . Rule 16(a)(1)(F) requires the same for the results or reports of any physical or mental examinations or scientific tests or experiments that are in the possession, custody, or control of the government; are known to exist (or reasonably should be known to exist) by the attorney for the government; and either are material to preparing the defense or intended to be used in the government's case-in-chief. . . .  Under Rule 16(a)(1)(G), the government must provide defendants with a written summary of any expert testimony it intends to use in its case-in-chief. . . .
>
> Rule 16 includes important caveats. Except as authorized under Rule 16(a)(1)(A) through (D), (F), and (G), the rule exempts government work product from discovery and inspection. *See* FED. R. CRIM. P. 16(a)(2). Government work product includes "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." *See id.* The rule also exempts from discovery and inspection the statements of prospective government witnesses, except as provided in the Jencks Act.  *See id.* (citing 18 U.S.C. § 3500).
>
> The Jencks Act protects from disclosure statements or reports made by prospective government witnesses until after they testify on direct examination at trial. *See* 18 U.S.C. § 3500(a). After the witness testifies, the Act entitles the defendant to a copy of "any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." *Id.* § 3500(b) . . . . The Act is intended to ensure that a defendant has "an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." . . .

***

Finally, under *Brady v. Maryland*, . . . the government is obligated to disclose to a criminal defendant any evidence in the government's possession that is "favorable to an accused" and "material either to guilt or to punishment." . . . . The government must also disclose any "evidence that goes to the credibility of crucial prosecution witnesses." . . .  Known as *Giglio* material, *see Giglio v. United States*, 405 U.S. 150 . . . (1972), "this evidence is a subset of *Brady* material insofar as it addresses situations in which certain evidence about a witness's credibility or motivation to testify exists." . . . Failure to disclose either type of material violates the defendant's due-process rights. . . . Admissibility is relevant but not a prerequisite to disclosure under *Brady*, since "inadmissible evidence may be material if it could ... [lead] to the discovery of admissible evidence." . . . .

511 F. Supp. 3d 566, 574-76 (M.D. Pa. 2021) (cleaned up). With the foregoing principles in mind, the Court makes the following rulings relative to Anderson's various discovery requests.

## II.     MOTION TO PRESERVE LAW ENFORCEMENT'S ROUGH NOTES (ECF NO. 60)

Anderson seeks an order from this Court requiring all Government agents and investigators in this case to "retain and preserve all rough notes and writings which are arguably producible to the defense pursuant to 18 U.S.C. § 3500, Federal Rule of Criminal Procedure 26.2, and *Brady v. Maryland*, 373 U.S. 83 (1963); or which may be used by the defense for impeachment purposes (including materials to assist in cross-examination pursuant to Federal Rule of Evidence 806); or which notes and writings were made during the investigation, whether or not the contents of the notes or writings are incorporated in official records, reports, and/or memoranda." ECF No. 60, ¶11. Anderson further asks that the Government be directed to "identify any such rough notes and writings that are unable to be found, or were, in fact, destroyed since the inception of the investigation of this case, or any related investigation." *Id.*

"[U]nder Third Circuit precedent, 'the government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to

3

facilitate the district court's determination whether they should be produced.'" *United States v. Graham*, No. CR 21-645, 2022 WL 4132488, at *6 (D.N.J. Sept. 12, 2022) (quoting *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983)). "However, such materials are only subject to production 'to the extent that they either contain *Brady* material or constitute statements falling under the Jencks Act.'" *Id.* (quoting *United States v. Santos*, No. 18-585, 2020 WL 134578, at *9 (D.N.J. Jan. 13, 2020) and citing *United States v. Vella,* 562 F.2d 275, 276 (3d Cir. 1977) ("rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the appellant under the rule of Brady [ ], or the Jencks Act.")); *see also Ramos*, 27 F.3d at 68 (restating the holdings of *Vella* and *Ammar*).

In its response to Anderson's motion, the Government states it is aware of its obligation to retain these materials pursuant to the rulings in *Ramos*, *Ammar*, and *Vella*.  To that end, the United States represents that it has directed law enforcement agents to retain all their notes relative to the underlying investigation of Anderson's alleged criminal activity.

In light of the Government's representation, the Court will dismiss Anderson's request for a preservation order as moot.  The Court will grant Anderson's motion insofar as the Government is directed to promptly notify the defense of any law enforcement notes related to this matter that are missing or that were destroyed, whether inadvertently or intentionally.

## III.   MOTION FOR PRODUCTION OF EXCULAPTORY AND IMPEACHMENT EVIDENCE (ECF NO. 61)

Anderson seeks an order instructing the Government to produce forthwith all *Brady* and *Giglio* evidence that may exist in this case.  His request includes exculpatory statements the Government might possess from witnesses or confidential informants, evidence that may be

relevant to Anderson's suppression motion, and information that may be useful in impeaching the prosecution's prospective witnesses.

Pursuant to *Brady*, the prosecution has an ongoing duty to turn over "evidence favorable to an accused ... where the evidence is material either to guilt or to punishment[.]" 373 U.S. at 87. The *Brady* doctrine is generally understood as imposing a duty of minimum fairness on prosecutors, based on a defendant's due process rights to a fair trial. *United States v. Higgs*, 713 F.2d 39, 42 (3d Cir. 1983). Under *Giglio*, 405 U.S. at 154, the prosecution's disclosure obligation extends to evidence which may be used to impeach the testimony of a government witness when the credibility of the witness may have an effect on the jury's determination of guilt or innocence. *See Ramos*, 27 F.3d at 68 (*Brady* material includes those that "go to the heart of the defendant's guilt or innocence" as well as "materials that might affect the jury's judgment of the credibility of a crucial prosecution witness") (quoting *United States v. Hill*, 976 F.2d 132, 134-35 (3d Cir. 1992)). Ultimately, *Brady* and its progeny "establish a prosecutorial obligation rather than a general rule of pretrial discovery." *United States v. Beech*, 307 F.R.D. 437, 441 (W.D. Pa. 2015); *see Coles*, 511 F. Supp. 3d at 576.

Here, the Government has responded that is aware of its duty under *Brady* and *Giglio* to disclose exculpatory and/or impeachment information. The Government represents that it is unaware of any exculpatory evidence in this case but states that, if any such evidence is discovered, it will be provided to the defense. The Court accepts the Government's representation in this regard and will presently dismiss this aspect of Anderson's motion as moot with the understanding that the prosecution should resolve "doubtful [*Brady*] questions in favor of disclosure," *United States v. Agurs,* 427 U.S. 97, 108 (1976), and produce such information, if it is discovered, without delay. *See United States v. Garrido*, Case No. 2:22-cr-19, 2023 WL

5

198780, at *3 (D.N.J. Jan. 17, 2023) (denying defendant's motion to compel *Brady* information as moot in light of government's representation that it was not in possession of information defendant seeks and that it understands and will comply with its continuing obligations under *Brady*, *Giglio*, and the Jencks Act); *Graham*, 2022 WL 4132488, at *5 (same).

With respect to Anderson's request for *Giglio* impeachment evidence, the Government has indicated that, if such evidence is located, it will be provided sufficiently in advance of any hearing or trial for the defense to be able to make effective use of it. The Government opposes any earlier disclosure deadline and cites *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002), for the proposition that premature disclosure of witness impeachment material could disrupt ongoing investigations, expose prospective witnesses to serious harm, or place a substantial burden on the Government prior to trial preparation.

In this circuit, "[d]ecisional law guides the timing of the required disclosures." *Coles*, 511 F. Supp. 3d at 576. Whereas actual exculpatory material must be disclosed on a rolling basis without undue delay, *see United States v. Collier*, No. 2:21CR375, 2023 WL 3932537, at *2 (W.D. Pa. June 9, 2023) and *Coles*, 511 F. Supp. 3d at 576-77, impeachment information may be disclosed at a later time, so long as it is provided "in time for its effective use at trial." *Higgs*, 713 F.2d at 44; *Collier*, supra, at *2; *Coles*, 511 F. Supp. 3d at 577. Nevertheless, district courts have the general discretionary authority to order the pretrial disclosure of *Brady* impeachment material in a manner that will ensure "the effective administration of the criminal justice system." *United States v. Starusko*, 729 F.2d 256, 261 (1984) (citation omitted); *Collier*, 2023 WL 3932537, at *2; *Coles*, 511 F. Supp. 3d at 577.

The Government acknowledges that, to the extent any impeachment evidence exists for its witnesses, production should occur at a time that is consistent with the relevant trial or pretrial

hearing schedule in order to avoid unnecessary delay during any proceeding.  Since a

suppression motion hearing is presently scheduled for July 29, 2024, the Government will be

directed to produce, no later than 12:00 p.m. on July 26, 2024, any impeachment information that

it may uncover relative to witnesses the prosecution intends to call at the July 29 hearing.

To the extent Anderson seeks immediate production of impeachment information relating

to prospective trial witnesses, that request will be denied without prejudice as premature.  *Cf.*

*Higgs*, 713 F.2d at 44 (holding that defendant's due process rights would be satisfied by the

Government's production of *Brady* impeachment materials on the day the Government witnesses

were scheduled to testify); *United States v. Tarnai*, No. 2:11cr254, 2012 WL 5948855, at *3

(W.D. Pa. Nov. 28, 2012) (ordering the Government to disclose *Brady* impeachment materials no

later than ten business days before trial but encouraging the Government to do so without further

delay); *United States v. Baker*, No. 2:10-cr-129, 2011 WL 2183415, at *4 (W.D. Pa. June 6,

2011) (Government directed to produce *Brady* impeachment materials at least three days prior to

trial, but encouraged to produce such materials at least ten to fourteen days prior to trial); *United

States v. Godson*, 2006 WL 3373174, at *2 (W.D. Pa. Nov. 20, 2006) (ordering production of

*Brady* impeachment evidence one week prior to trial).

## IV.    MOTION TO PROVIDE NOTICE OF RULE 404(B) AND RULE 609 EVIDENCE (ECF NO. 62)

Anderson also moves this Court for an order compelling the Government to provide

information about any prior acts evidence the Government will attempt to introduce at trial

pursuant to Rules 404(b) and/or 609 of the Federal Rules of Evidence.  Anderson requests this

notice be given at least 30 days prior to trial and that the Court hold a pretrial hearing to

determine the admissibility of such evidence.

7

Rule 404(b)(1) prohibits the use of evidence of any other crime, wrong, or act to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. However, use of such evidence may be permissible "for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." F.R.E. 404(b)(2). In a criminal case, the Government must:

    **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

    **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

    **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

Under Rule 609, a witness's character for truthfulness may be attacked by evidence of a past criminal conviction, under the following circumstances.

    **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

        **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

        **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

    **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

Fed. R. Evid. 609(a).

In cases where more than ten years have passed since the date of the witness's conviction or release from confinement, additional conditions apply. In such cases, evidence of the prior conviction is admissible only if:

**(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

**(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b). Thus, Rule 609 does not have any explicit notice requirement for convictions that are less than ten years old. *See United States v. Kerr*, 2012 WL 3929380, at *5 (W.D. Pa. Sept. 7, 2012) (court concluding that it could not compel the government to provide advanced written notice of its intent to proffer evidence under Rule 609(a)).

Here, the United States has acknowledged its responsibility to disclose any evidence it intends to offer at trial under Rule 404(b)(2) in accordance with the notice requirements of Rule 404(b)(3), and indicates it is willing to provide such notice in keeping with precedent finding that six to ten days in advance of trial constitutes reasonable notice. *See, e.g.*, *United States v. Perez-Tosta*, 36 F.3d 1552, 1560-63 (11th Cir. 1994) (six days prior to trial); *United States v. French*, 974 F.2d 687, 694-95 (6th Cir. 1992) (seven days prior to trial); *United States v. McBroom*, Criminal No. 21-97, 2023 WL 4485674, *2 (W.D. Pa. July 12, 2023) (same); *United States v. Patel*, No. 01 CR 716, 2002 WL 1750948, *2 (N.D. IL July 26, 2002) (same); *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) (ten days prior to trial); *United States v. Morris*, 2008 WL 4154846 at *3 (W.D. Pa. Sept. 9, 2008) (same); *United States v. Evangelista*, 813 F. Supp. 294, 302 (D.N.J. 1993) (ten business days prior to trial).

Based on these representations, the Court will dismiss Anderson's motion as moot insofar as it seeks disclosure of Rule 404(b) and/or Rule 609(b) evidence consistent with the timeframe

proposed by the Government, *to wit*, 6 to 10 days prior to the start of trial.  The Court will establish a date-certain deadline for Rule 404(b) and Rule 609(b) disclosures as part of its final pretrial order setting a trial date for these proceedings. To the extent Anderson requests more advanced disclosures of this nature, his motion is denied.

## V.      MOTION FOR DISCOVERY (ECF NO. 63)

Anderson's "Discovery Motion," filed at ECF No. 63, requests a Court order directing the Government to produce numerous items pursuant to Rule 16, *Brady,* and the Jencks Act. Anderson's requests for disclosure of *Brady* materials and Rule 404(b) / Rule 609 materials have already been addressed above and will not be discussed at length here.  Accordingly, the Court will focus its discussion on evidence that is sought under Rule 16 or the Jencks Act.

A.

Anderson's discovery motion involves a laundry list of items falling into various categories of information, which the Government mostly addressed in *seriatim* fashion.  A number of Anderson's discovery requests concern items already produced by the prosecution. The Government represents, for example, that it has produced or made available to the defense all evidence seized as the result of Anderson's arrest and any searches that were conducted in this case.  All search warrant materials were also produced.  The Government states that it has turned over all of Anderson's statements of which it is aware, which includes his video-recorded interview by the Pennsylvania State Police; should any additional statements come to light, the prosecution assures the Court that those will be immediately divulged as well.  As for photographs and/or video evidence, the Government states that it has turned over responsive evidence, consisting of the photos taken during the February 2021 search of Anderson's

residence.  With respect to crime lab or forensic testing/reports, the Government states that it has

provided the forensic reports relating to the examination of Anderson's computer; it is unaware

of any lab reports or other forensic testing relating to this case.  The Government states that it has

disclosed any evidence relating to Anderson's alleged obstruction of justice or false statements;

again, if new material should come to the attention of the prosecution, it will be produced to

defense counsel.  Finally, the Court notes that the prosecution recently produced records from the

Pennsylvania State Police pertaining to a February 2020 complaint and non-prosecution

agreement involving the victim of a prior state court criminal case. The prosecution also

reportedly produced records from the PSP that reference Trooper Murphy's efforts to contact the

PSP computer crime lab concerning the status of a forensic examination.  The foregoing aspects

of Anderson's discovery motion will be dismissed as moot, based on the representations of the

United States.

B.

Other aspects of Anderson's discovery motion concern items that are not implicated in

this proceeding.  The Government states, for example, that there are no cell phone records to

produce, as the images in question in this case were allegedly located on Anderson's laptop

computer.  There are no recorded transactions between Anderson and an informant.  No photo

lineups, electronic surveillance, wire taps, interceptions, recordings, or similar evidence are

implicated in this case.  It does not appear that any field notes or sketches are implicated in this

case.  The Government states that none of the tangible material requested in Paragraph 13 of

Anderson's motion apply in this case, other than the video recording of his PSP interview and

the photos from the search of his residence, which have been provided. The prosecution asserts

that it is unaware of any books, papers, documents, diagrams, blueprints, or other tangible

objects for Anderson to inspect; it is also unaware of any examinations, tests, experiments, diagnoses or analyses involved in this case, other than the previously disclosed report relating to the forensic examination of Anderson's computer.  The Government states that Anderson's request for disclosure of "mail cover" has no applicability in this case.  It has not yet determined any matters for which it will seek judicial notice, nor is it presently aware of prospective hearsay evidence that it intends to introduce.  The prosecution states it is unaware of any material that would tend to impeach "the Government 404(b) witnesses" or which would undermine "the Government's 404(b) evidence," as set forth in Paragraph 27 of Anderson's motion; and it is unaware of other charges pending against Anderson.  The prosecution states it "does not believe anyone involved in this case has a criminal record implicating the decision in *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991), but such information will be forthcoming at the appropriate juncture, if uncovered. ECF No. 70 at 8, ¶¶10-12.  Finally, the Government represents that it is unaware of any evidence falling under Rule 12(b)(4) that has not already been provided to the defense or that has not yet already been the subject of a motion to suppress by the defense.  Accordingly, these aspects of Defendant's motion will be dismissed as moot, based on the Government's representations.

C.

Certain of Anderson's discovery requests concern information that is not yet subject to disclosure.  One such example is Anderson's request relating to the Government's expert witnesses.  Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the prosecution's disclosure must include:

> • a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

12

> • the bases and reasons for them;
>
> • the witness's qualifications, including a list of all publications authored in the previous 10 years; and
>
> • a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G)(iii).  In terms of timing, the rule requires that the district court, by order or local rule, set a time for the government to make its disclosures which is "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. P. 16(a)(1)(G)(ii).  In due course -- likely after resolution of the pending suppression motion, the Court will enter a scheduling order which establishes a deadline for expert witness disclosures sufficiently in advance of trial so as to provide Anderson a fair opportunity to meet the Government's expert witness evidence.  The Government represents that, once this occurs, it will comply with the disclosure timeline established by the Court. Anderson's request for immediate disclosure of expert witness discovery is premature.

Also premature is Anderson's request for the statements of prospective Government witnesses.  As the Government correctly observes, Anderson is not entitled to the compelled production of Jencks material or witness statements at this juncture of the case, except to the extent such statements contain exculpatory *Brady* information.  *See* 18 U.S.C. §3500(a); *United States v. Murphy*, 569 F.2d 771, 774 (3d Cir. 1978) (affirming the denial of Jencks material at suppression hearing).  As noted, the Government has represented that it is unaware of any exculpatory *Brady* material in this case.  Accordingly, Anderson is not entitled to the immediate production of non-exculpatory Jencks material.

Finally, to the extent the Government uncovers any *Giglio* impeachment information relating to its prospective trial witnesses, that information will be discoverable at a point closer to

trial.  Presently, the Government has indicated that it is unaware of any such impeachment evidence.  But to the extent the Government comes into possession of any witness statement that contains *Giglio* impeachment information relating to a prospective trial witness, the Court will ensure via future orders that the Government produces such information in time for the defense to make effective use of that information at trial.

Because Anderson's requests for expert discovery, witness statements, and *Giglio* trial-related impeachment information are currently premature, they will be denied without prejudice to be renewed, if warranted, at a later phase of these proceedings.

### D.

Finally, some aspects of Anderson's requests concern evidence that is not discoverable at all under Rule 16.  For example, Anderson has no general right to discovery of "[a]ll reports issued by any and all police departments" involved in this case.  ECF No. 63 at 2, ¶4(b).  *See* Fed. R. Crim. P. 16(a)(2) (precluding the "discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case," except for limited categories of information not presently at issue); *Moore v. Illinois*, 408 U.S. 786, 795 (1972) ("We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.").  It follows, therefore, that Anderson is not entitled to obtain or inspect police reports related to "concurrent" investigation, including "any investigation related to firearm possession," ECF No. 63 at 3, ¶4(g), which is not at issue in this case.[1]

---

[1] As noted, the Government has already produced certain PSP records relating to a February 2020 incident which involved a complaint against Anderson and a subsequent agreement not to prosecute by the putative victim in that

Anderson also has no general right of discovery as it relates to the "personnel files of all officers involved" in this case. ECF No. 63 at 1, ¶2. To the extent he seeks potential *Giglio* impeachment information in the form of disciplinary actions, suspensions, lawsuits and the like, the Court again notes the Government's representation that it is not aware of any impeachment information for any involved witnesses. Nevertheless, the Court will instruct the prosecution to revisit its files as it relates to any individuals who are likely to testify at the upcoming suppression hearing; to the extent any impeachment information is uncovered, the Government will be directed to provide that information to the defense no later than 12:00 p.m. on July 26, 2024.

As discussed, Anderson's request for immediate production of witness statements is precluded by Federal Rule 16 and the Jencks Act. *See* Fed. R. Crim. P. 16(a)(2) and 18 U.S.C. §3500(a); *see also Murphy*, 569 F.2d at 774. And to the extent Anderson seeks to obtain the statements of non-testifying witnesses, the Court notes that he has not cited no binding or persuasive authority from this judicial circuit to support his request. Moreover, premature disclosure of this information would essentially force the prosecution to produce a list of witnesses, which is generally not discoverable in a non-capital case. *See United States v. Mitchell*, 540 F.2d 1163, 1166 (3d Cir. 1976); *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1971).

## VI.   CONCLUSION

In light of the foregoing discussion, Anderson's motion at ECF No. 60 will be dismissed as moot insofar as it seeks a preservation notice. The motion will be granted to the extent that

---

matter. The Government also produced records pertaining to Trooper Murphy's communications with the PSP computer crime lab.

the Court will direct the Government to promptly notify the defense of any law enforcement notes related to this matter that are missing or that were destroyed, whether inadvertently or intentionally.

Anderson's motion at ECF No. 61 is granted to the extent that the Government will be directed to revisit its files and produce, no later than 12:00 p.m. on July 26, 2024, any impeachment information that pertains to witnesses the prosecution intends to call at the July 29 suppression hearing. To the extent Anderson seeks immediate production of impeachment information relating to prospective trial witnesses, that request will be denied without prejudice as premature.

Anderson's motion at ECF No. 62 will be dismissed as moot insofar as it seeks disclosure of Rule 404(b) and/or Rule 609(b) evidence consistent with the timeframe proposed by the Government, *to wit*, 7 to 10 days prior to the start of trial. The Court will establish a date-certain deadline for Rule 404(b) and Rule 609(b) disclosures as part of its final pretrial order setting a trial date for these proceedings. To the extent Anderson requests more advanced disclosures of this nature, his motion is denied.

Finally, Anderson's motion for discovery at ECF No. 63 is denied insofar as the defense seeks general discovery of: (i) all police reports related to this case or concurrent investigations, (ii) the personnel files of all officers involved in this case, (iii) the statements of non-testifying witnesses, and/or (iv) a list of the prosecution's witnesses. The motion will be granted to the extent that the Government will be directed to revisit its files as it relates to any individuals who are likely to testify at the upcoming suppression hearing; to the extent any impeachment information in the form of disciplinary actions, suspensions, lawsuits and the like is uncovered,

16

the Government will be directed to provide that information to the defense no later than 12:00 p.m. on July 26, 2024.  In all other respects, the motion will be dismissed as moot.

SUSAN PARADISE BAXTER
United States District Judge